O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROBERT A. CORONA, | ) | Case No. CV 15-4748-JLS (KK) |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| ON HABEAS CORPUS, | ) ) | |
| Respondent. | ) ) ) | |

On June 15, 2015, Petitioner Robert A. Corona ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court dismisses the Petition with leave to amend.

///
///
///
///
///
///
///

## I.

## **PROCEDURAL HISTORY**

On June 15, 2015, Petitioner Robert A. Corona ("Petitioner"), a state prisoner confined in Jamestown, California, filed the instant Petition in the U.S. District Court for the Northern District of California. (ECF Docket No. ("dkt.") 1). The Petition names "On Habeas Corpus" as Respondent. (Id.). On June 19, 2015, the case was transferred to this Court because the Petition challenges Petitioner's 2012 convictions in Los Angeles County Superior Court in Norwalk, California. (Dkt. 8).

## II.

## **DISCUSSION**

"[T]he proper respondent to a habeas petition is the person who has custody over the petitioner." Rumsfeld v. Padilla, 542 U.S. 426, 434, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004) (internal quotation marks and brackets omitted). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." Id. at 435; Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended May 18, 1994) (the proper respondent in a habeas action is "typically . . . the warden of the facility in which the petitioner is incarcerated"). The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).

Here, the Petition improperly names "On Habeas Corpus" as Respondent. Accordingly, the Petition is dismissed with leave to amend. If Petitioner chooses to file an amended petition, he must name his "immediate custodian" as the respondent. See Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (*per curiam*).

///

///

## III.
## **ORDER**

For the foregoing reasons, the Petition is dismissed with leave to amend and Petitioner is ORDERED to file an amended petition within fourteen (14) days of the date of this Order, correcting the deficiencies discussed above. The Clerk is directed to send Petitioner a blank Central District habeas petition form for this purpose. The Clerk is further directed to send Petitioner a copy of the Petition (ECF Docket No. 5).

The amended petition should reflect the same case number; be clearly labeled "First Amended Petition"; and be complete in and of itself without reference to the original Petition, or any other pleading, attachment or document.

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that his failure to timely file a First Amended Petition or voluntary dismissal in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED: June 25, 2015

HON. KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE