UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. CORONA,<br><br>   Petitioner,<br><br>  v.<br><br>HEIDI LACKNER,<br><br>   Respondent. | Case No. CV 15-4748-JLS (KK)<br><br>ORDER DISMISSING PETITION WITH LEAVE TO AMEND |

On August 17, 2015, Petitioner Robert A. Corona ("Petitioner"), a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("First Amended Petition"), pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court dismisses the First Amended Petition with leave to amend.

///
///
///
///
///
///
///

1

# I.
# PROCEDURAL HISTORY

On June 15, 2015, Petitioner Robert A. Corona ("Petitioner"), a state prisoner confined in Jamestown, California, filed a Petition for Writ of Habeas Corpus in the U.S. District Court for the Northern District of California, pursuant to 28 U.S.C. § 2254. (ECF Docket No. ("dkt.") 1). The Petition named "On Habeas Corpus" as Respondent. (Id.). On June 19, 2015, the case was transferred to this Court because the Petition challenged Petitioner's 2012 convictions in Los Angeles County Superior Court in Norwalk, California. (Dkt. 8).

On June 25, 2015, the Court dismissed the Petition with leave to amend, for failure to name a proper respondent. (Dkt. 11). In the order, the Court explicitly warned Petitioner that the First Amended Petition "must be complete in and of itself without reference to the original Petition, or any other pleading, attachment or document." (Id.).

On August 17, 2015, Petitioner filed the instant First Amended Petition, naming warden Heidi Lackner as Respondent. (Dkt. 16). However, as set forth in detail below, the First Amended Petition does not contain necessary information and must, therefore, be dismissed.

# II.
# DISCUSSION

While the First Amended Petition names a proper respondent, it does not contain basic information regarding the conviction challenged, including (1) the name and location of the court which imposed sentence; (2) the offense(s) for which sentence was imposed; and (3) the date upon which the sentence was imposed and the terms of the sentence. Moreover, it is irrelevant that the original Petition may have contained such information: as the Court warned in its June 25, 2015 dismissal order, Petitioner's First Amended Petition "must be complete in and of itself without reference to the original Petition." (Dkt. 11). Accordingly,

the First Amended Petition is dismissed with leave to amend.  If Petitioner chooses to file an amended petition, he must include such information in the amended petition.

### III.
### ORDER

For the foregoing reasons, the First Amended Petition is dismissed with leave to amend and Petitioner is ORDERED to file a Second Amended Petition within fourteen (14) days of the date of this Order, correcting the deficiencies discussed above.  The Clerk is directed to send Petitioner a blank Central District habeas petition form for this purpose.  The Clerk is further directed to send Petitioner a copy of the First Amended Petition.  (ECF Docket No. 16).

The Second Amended Petition should reflect the same case number; be clearly labeled "Second Amended Petition"; and be complete in and of itself without reference to the original or First Amended Petition, or any other pleading, attachment or document.

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  A Notice of Dismissal form is attached for Petitioner's convenience.

Petitioner is cautioned that his failure to timely file a Second Amended Petition or voluntary dismissal in compliance with this Order will result in a recommendation that the action be dismissed without prejudice for failure to prosecute.

DATED:     August 20, 2015

HON. KENLY KIYA KATO
UNITED STATES DISTRICT JUDGE