UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4748-JLS-KK | Date | October 30, 2015 |
|---|---|---|---|
| Title | Robert A. Corona v. On Habeas Corpus | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioner: | | Attorneys Present for Respondent: |
| n/a | | n/a |

**Proceedings:** **(In Chambers) Order Directing Petitioner to File Response Regarding Exhaustion**

On October 20, 2015, Robert A. Corona ("Petitioner"), a California state prisoner proceeding pro se, constructively filed a Second Amended Petition for Writ of Habeas Corpus by a Person in State Custody (the "SAP"), pursuant to 28 U.S.C. § 2254. (ECF Docket No. ("dkt.") 24). In the SAP, Petitioner challenges his convictions in Los Angeles County Superior Court for violations of California Penal Code section 288(b)(1). (Id.). Petitioner appears to set forth ten grounds for habeas relief: (1) "force or duress" ("Claim One"); (2) "admitting photographs into evidence ("Claim Two"); (3) hearsay statement ("Claim Three"); (4) Brady violation ("Claim Four"); (5) "suppression of material evidence" ("Claim Five"); (6) "nondisclosure" ("Claim Six"); (7) vindictive prosecution ("Claim Seven"); (8) judicial misconduct ("Claim Eight"); (9) ineffective assistance of trial counsel ("Claim Nine"); and (10) ineffective assistance of appellate counsel ("Claim Ten"). (Id.).

Petitioner states that Claims One through Three were raised on direct appeal before the California Supreme Court. Petitioner also admits that Claims Four through Ten were not raised on direct appeal, but are currently pending before the Superior Court for the County of Los Angeles in Norwalk, California. Because it appears Claims Four through Ten are not exhausted, the Court orders Petitioner to file a response regarding exhaustion.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present her federal claims in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4748-JLS-KK | Date | October 30, 2015 |
|---|---|---|---|
| Title | Robert A. Corona v. On Habeas Corpus | | |

state courts in order to give the State the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*).

For a petitioner in California state custody, this generally means the petitioner must have fairly presented her claims in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a federal habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

Here, the Petition expressly indicates Claims Four through Ten have not been exhausted. SAP at 3. Therefore, it appears from the record now before the Court that the instant Petition is subject to dismissal as a mixed petition because Petitioner has not exhausted his state remedies in regard to Claims Four through Ten. However, before deciding this matter, the Court will first give Petitioner an opportunity to address the exhaustion issue by electing any of the following five options:

### Option 1:

If Petitioner contends he has in fact exhausted his state court remedies on Claims Four through Ten, he should clearly explain this in a response to this Order. Petitioner should attach to his response copies of any documents establishing that Claims Four through Ten are indeed exhausted. (Petitioner may also file a response, and include a notice that, if the court still finds the petition to be mixed, he alternatively selects one of the other options discussed below.)

### Option 2:

Alternatively, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a). **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4748-JLS-KK | Date | October 30, 2015 |
|---|---|---|---|
| Title | Robert A. Corona v. On Habeas Corpus | | |

that if Petitioner should later attempt to again raise any dismissed claims in subsequent habeas petitions, those claims may be time-barred under the one-year statute of limitations in 28 U.S.C. § 2244(d)(1).

**Option 3:**

Petitioner may request a voluntary dismissal of only the unexhausted claims (Claims Four through Ten), and elect to proceed on only his three exhausted claims. **Petitioner may also use the attached Notice of Dismissal form in order to select this option**. The Court advises Petitioner, however, that if he elects to proceed now with only his exhausted claims, any future habeas petition containing Claims Four through Ten or other claims that could have been raised in the instant petition may be rejected as successive (or may be time-barred).

**Option 4:**

Pursuant to Rhines v. Weber, 544 U.S. 269, 277-78, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), Petitioner may ask the Court to stay all of the claims in a mixed petition while he returns to the state courts to exhaust his already pled but unexhausted claims. To obtain a stay of this case pursuant to Rhines, Petitioner is required to: (a) show good cause for his failure to exhaust Claims Four through Ten in state court earlier; and (b) show that Claims Four through Ten are not "plainly meritless." See id. at 277. (Petitioner also may request a Rhines stay, and include a notice that, if the Court denies the Rhines stay, he alternatively selects one of the other options.)

**Option 5:**

Pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), Petitioner may dismiss Claims Four through Ten and ask the Court to stay his remaining, fully exhausted claims while he returns to the state courts to exhaust Claims Four through Ten. The Court advises Petitioner, however, that "[a] petitioner seeking to use the *Kelly* procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely. And demonstrating timeliness will often be problematic under the now-applicable legal principles." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). Additionally, a petitioner may only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-4748-JLS-KK | Date | October 30, 2015 |
|---|---|---|---|
| Title | Robert A. Corona v. On Habeas Corpus | | |

amend a new claim into a pending federal habeas petition after the expiration of the limitations period if the new claim shares a "common core of operative facts" with the claims in the pending petition. Mayle v. Felix, 545 U.S. 644, 659, 125 S. Ct. 2562, 162 L. Ed. 2d 582 (2005). (Petitioner also may request a Kelly stay, and include a notice that, if the Court denies the Kelly stay, he alternatively selects one of the other options.)

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on Claims Four through Ten and the Court disagrees, the Court may recommend the SAP be dismissed as a mixed petition. Accordingly, as noted above, Petitioner may select options in the alternative.

**Summary:** In sum, in order to select Option 1, Petitioner must file a response to this Order showing Claims Four through Ten are exhausted. In order to select Options 2 or 3, Petitioner may file the attached Notice of Dismissal form and fill it out according to his choice. In order to select Options 4 or 5, Petitioner must file a written response requesting a stay pursuant to either Rhines or Kelly. With Options 1, 4, or 5, Petitioner may select an alternative option in the event the Court finds Claims Four through Ten unexhausted and/or denies the request for a stay. Whichever option Petitioner selects, Petitioner must file and serve the responding document clearly stating the option selected *no later than November 16, 2015*.

IT IS THEREFORE ORDERED:

**By November 16, 2015,** Petitioner is ordered to respond to this Order by electing any of the five options presented above. **The Court warns Petitioner that failure to timely file and serve a response as directed in this Order will result in a recommendation that this action be dismissed without prejudice as a mixed petition, for failure to prosecute, and/or for failure to obey court orders.**